IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiffs, | 8:18-CR-333 |
| vs. | |
| RAMON SIMPSON, | MEMORANDUM AND ORDER |
| Defendant. | |

    This matter is before the Court for its review of the Magistrate Judge's Findings and Recommendation (Filing 197) denying Defendant's Motion to Suppress Statements (Filing 150). Defendant timely filed a Statement of Objections to Magistrate Judge's Findings and Recommendation. Filing 203. Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of the portions of the Magistrate Judge's Findings and Recommendation to which objections have been made. As discussed below, because the Court concurs in the Magistrate Judge's factual findings and legal analysis, the Court overrules Defendant's objections, adopts the Magistrate Judge's conclusions, and denies the motion to suppress.

    Phyllis Hunhoff was found dead and burned inside her vehicle on the Santee Indian Reservation on November 7, 2018. Filing 192 at 7. FBI Special Agent Jeff Howard ("Agent Howard") investigated her death, interviewed a suspect, and became aware that Defendant was with the suspect preceding Hunhoff's death. Filing 192 at 8-9. On November 8, 2018, Agent Howard spoke with Defendant at Defendant's home. Filing 192 at 13. Agent Howard later spoke with Defendant at the Norfolk, Nebraska, police department. Filing 192 at 21.

    Defendant moved to suppress any statements he made to Agent Howard during the November 8 and November 21 interactions. Filing 150. Defendant argued he (1) was in custody during those to interactions, (2) invoked his right to remain silent, and (3) involuntarily made

1

statements. Filing 150; Filing 151 at 4-8. After an evidentiary hearing on Defendant's motion, the Magistrate Judge found Defendant was not in custody during either interaction, never unequivocally invoked his right to remain silent, and made all statements voluntarily. *See* Filing 197 at 12-17. Defendant then objected to the Magistrate Judge's findings that Defendant was not in custody for either interview and did not invoke his right to remain silent during the November 21, 2018, interview Filing 203; Filing 207 at 4-7.

Upon de novo review, the Court agrees with the Magistrate Judge's factual findings and legal analysis. In particular, Defendant was not in custody during either interview and did not invoke his right to remain silent during the November 21 interview. *Miranda* warnings are required when an individual has been subjected to a "custodial interrogation." *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S. Ct. 1602, 1612, 16 L. Ed. 2d 694 (1966). "Custodial interrogation" refers to questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. *Id.* The Eighth Circuit has enumerated the following six "common indicia of custody":

> (1) whether the suspect was informed at the time of questioning that the questioning was voluntary, that the suspect was free to leave or request the officers to do so, or that the suspect was not considered under arrest; (2) whether the suspect possessed unrestrained freedom of movement during questioning; (3) whether the suspect initiated contact with authorities or voluntarily acquiesced to official requests to respond to questions; (4) whether strong arm tactics or deceptive stratagems were employed during questioning; (5) whether the atmosphere of the questioning was police dominated; or, (6) whether the suspect was placed under arrest at the termination of the questioning.

*United States v. Griffin*, 922 F.2d 1343, 1349 (8th Cir. 1990).

The November 8 interview took place after Defendant returned Agent Howard's call and agreed to meet at Defendant's home. Filing 192 at 10-19. The meeting involved no restraint of movement, no strong-arm or deceptive strategies—only Agent Howard in plain clothes—and

ended without an arrest. Filing 192 at 10-19. Further, the twelve minute interview was "conversational."[1] Filing 192 at 16. Applying the *Griffin* factors, the Court finds Defendant's objection to this finding meritless.

The November 21 interview was similarly noncustodial. Defendant agreed to meet Agent Howard at the Norfolk Police Department. Filing 192 at 21-22. The interview took place in a windowless interview room with Agent Howard and another FBI agent. Filing 192 at 24; Ex. 16. At various points, only Agent Howard was with Defendant. Filing 192 at 29. Agent Howard was dressed in plain clothes with no visible firearm, and he informed Defendant that he was not under arrest and could leave at will. Filing 192 at 30; Ex. 11. Agent Howard did not yell, display his firearm, or block the door during the "conversational" interview. Filing 192 at 29-30. The other agent did not threaten, lie to, yell at, display a firearm to, or use physical force on Defendant. Filing 192 at 185. Defendant was not handcuffed or otherwise restrained and was offered restroom and cigarette breaks, snacks and water, and the option to leave at any time. Filing 192 at 33-34, 188; Ex. 3; Ex. 4.

Defendant was advised of his *Miranda* rights and signed a waiver of those rights prior to submitting to a polygraph examination that lasted approximately five hours. Ex. 4; Ex. 5. Following the polygraph examination, Agent Howard again spoke with Defendant. Filing 192 at 25. During this conversation, Defendant repeatedly asked to go home. Ex. 12. Agent Howard noted that Defendant could go home but kept questioning Defendant. Ex. 12. Defendant kept responding to Agent Howard's questions and never left. Ex. 12.

Because Defendant was informed numerous times that he was free to leave and waived his *Miranda* rights; was not handcuffed or physically restrained and allowed to leave the interview

---

[1] The audio recording of the November 8th interaction supports Agent Howard's recollection that his exchange with Defendant was "conversational." Filing 10.

room for bathroom and cigarette breaks; agreed to meet Agent Howard at the police department; was not deceived or coerced into responding to questions; and was not arrested at the termination of the questioning, he was not in custody. *See Griffin*, 922 F.2d at 1349.

Further, Defendant's numerous statements indicating his desire to go home are not clear or unequivocal invocations of his right to remain silent, particularly when he continued speaking with Agent Howard following such statements. "To adequately invoke [the right to remain silent] and effectively cut off questioning, a suspect must indicate 'a clear, consistent expression of a desire to remain silent.'" *United States v. Adams*, 820 F.3d 317, 323 (8th Cir. 2016) (quoting *United States v. Johnson*, 56 F.3d 947, 955 (8th Cir. 1995)). The Court must "consider the defendant's statements as a whole to determine whether they indicate an unequivocal decision to invoke the right to remain silent." *Id.* Defendant's willingness to answer Agent Howard's questions even after repeatedly requesting to go home does not indicate a clear, consistent expression of a desire to remain silent.

Accordingly, the Court overrules Defendant's objections and adopts the Magistrate Judge's Findings and Recommendation.

IT IS ORDERED:

1. Defendant's Statement of Objections to Magistrate Judge's Findings and Recommendation (Filing 203) is overruled;
2. The Magistrate Judge's Findings and Recommendation (Filing 197) is adopted; and
3. Defendant's Motion to Suppress (Filing 150) is denied; and
4. The Clerk of Court is ordered to terminate Filing 150, Filing 197, Filing 203, and Filing 208.

Dated this 1st day of October, 2020.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge