IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>      vs.<br><br>RAMON SIMPSON,<br><br>                Defendant. | 8:18–CR–333<br><br>**MEMORANDUM AND ORDER ON MOTION TO VACATE UNDER** 28 U.S.C. § 2255 |

## I.    INTRODUCTION

This case is before the Court on initial review of defendant Ramon Simpson's *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Filing 356. On June 30, 2021, this Court sentenced Simpson to a term of life imprisonment following his convictions for kidnapping resulting in death and conspiracy to commit kidnapping. Filing 311. The United States Court of Appeals for the Eighth Circuit affirmed the Judgment in this case on August 15, 2022, Filing 350, and the United States Supreme Court denied Simpson's petition for a writ of certiorari on February 21, 2023. Filing 354-1. This Court then received Simpson's § 2255 Motion on February 13, 2024. Filing 356 at 1. Thus, his Motion was timely filed. *See* 28 U.S.C. § 2255(f)(1).[1] For the reasons set forth below, the Court denies one of Simpson's grounds for relief and orders the United States to respond to certain allegations he makes in the remaining two grounds.

---

[1] Along with his § 2255 Motion, Simpson also filed a Motion requesting an additional 45 days to file a supporting memorandum. Filing 357. On February 20, 2024, the Court granted Simpson's Motion for a 45-day extension of time in a written Order. Filing 358. Simpson had until April 5, 2024, to mail his supporting memorandum under the "prison-mailbox rule." *See Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999) (holding "that the prison mailbox rule applies to pro se § 2255 motions"). The Clerk of Court received Simpson's supporting memorandum along with a Declaration by Simpson on May 7, 2024, over a month past the extended deadline. Filing 359. The Court will defer resolving whether it ultimately may consider Simpson's supporting memorandum until after the United States responds. However, the Court will consider allegations contained within the memorandum for the purposes of initial review. *See* Rule 7(a) of the Rules Governing Section 2255 Proceedings (providing that the court "may direct the parties to expand the record by submitting additional materials relating to the motion").

## II.    ANALYSIS

### A.  Applicable Standards

*1. Section 2255 Standards*

Simpson brings his Motion pursuant to 28 U.S.C. § 2255, which permits federal prisoners to ask the sentencing court to "vacate, set aside, or correct" a sentence upon a showing that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). "Section 2255 is an outgrowth of the historic habeas corpus powers of the federal courts as applied to the special case of federal prisoners." *Jones v. Hendrix*, 143 S. Ct. 1857, 1865 (2023); *see also Odie v. United States*, 42 F.4th 940, 944 (8th Cir. 2022) ("Section 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." (internal quotation marks omitted) (quoting *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011))). Relief under § 2255 is limited, as it "does not encompass all claimed errors in conviction and sentencing." *Meirovitz v. United States*, 688 F.3d 369, 370 (8th Cir. 2012) (quoting *Sun Bear*, 644 F.3d at 704). For example, as relevant here, relief is appropriate under § 2255 on a claim of ineffective assistance of counsel only if the movant shows that "counsel's performance was deficient, and . . . prejudice resulted." *United States v. Harris*, 83 F.4th 1093, 1097 (8th Cir. 2023) (internal quotations and citation omitted).

The judge receiving a § 2255 motion to vacate must first determine if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings. "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to

no relief," the Court must order the United States to respond and consider holding a hearing. 28 U.S.C. § 2255(b); *see also* Rules 4(b) and 8(a) of the Rules Governing Section 2255 Proceedings. A court cannot accept a petitioner's allegations as true if "they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Walker v. United States*, 810 F.3d 568, 580 (8th Cir. 2016).

2. *Ineffective Assistance of Counsel Standards*

Under the Supreme Court's test for ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 668, 686 (1984), courts consider "whether counsel's performance was deficient, and if so, whether prejudice resulted." *United States v. Harris*, 83 F.4th 1093, 1097 (8th Cir. 2023) (internal quotations and citation omitted). "Failure to establish either *Strickland* prong is fatal to an ineffective-assistance claim." *Worthington v. Roper*, 631 F.3d 487, 498 (8th Cir. 2011). "Therefore, we need not inquire into the effectiveness of counsel . . . if we determine that no prejudice resulted from counsel's alleged deficiencies." *Ramirez v. United States*, 751 F.3d 604, 607 (8th Cir. 2014) (cleaned up). To meet the second prong of the *Strickland* test, petitioners normally need to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Paulson v. Newton Corr. Facility, Warden*, 773 F.3d 901, 904 (8th Cir. 2014) (internal quotation marks and citation omitted). In cases where a defendant alleges that deficient representation caused him to plead guilty, the Supreme Court has explained that the defendant must establish a "reasonable probability that he would not have entered his plea but for his counsel's deficiency[.]" *Premo v. Moore*, 562 U.S. 115, 130 (2011) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985))

## B. Simpson's First Ground for Relief

The first two grounds for relief in Simpson's § 2255 Motion assert claims of ineffective assistance of counsel. Filing 356 at 4–6. It does not "plainly appear" that these grounds are meritless. *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings. Simpson's first ground for relief states, "Movant was denied his Sixth Amendment right to the effective assistance of counsel during the critical pre-trial/plea phase of his criminal proceeding." Filing 356 at 4. Simpson's specific allegations of pre-trial ineffective assistance of counsel are as follows:

> 1) Counsel failed to explain the elements the United States was required to prove in order to obtain a guilty verdict at trial;
> 2) Counsel failed to fully explain the consequences of rejecting the plea offer extended by the United States and proceeding to trial;
> 3) Counsel failed to fully explain the weight of the evidence; and
> 4) Counsel failed to object to the United States listening to various privileged communications and watching at least one closed circuit video between he and the Movant.[2]

Filing 356 at 4.

The Sixth Amendment right to effective assistance of counsel "extends to the plea-bargaining process such that '[i]f a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it.'" *Allen v. United States*, 854 F.3d 428, 432 (8th Cir. 2017) (quoting *Lafler v. Cooper*, 566 U.S. 156, 168 (2012)). "In the plea-bargaining context, this means a claimant must demonstrate a substantial likelihood that (1) he would have accepted the offer to plead pursuant to the earlier proposed terms, (2) neither the prosecution nor the trial court would have prevented the offer from being accepted, and (3) the plea terms would have been less severe than under the judgment and sentence that were actually

---

[2] The Court separately addresses this fourth allegation of ineffective assistance of counsel at the conclusion of this Order because it is related to his third ground for relief. As explained in that portion of the Order, it plainly appears that this allegation is without merit, and the Government is not required to respond to it.

imposed." *Allen*, 854 F.3d at 432 (quoting *Lafler*, 566 U.S. at 164; *Missouri v. Frye*, 566 U.S. 134, 148 (2012)). As to the first of these requirements, Simpson's allegation that his counsel "failed to fully explain the consequences of rejecting the plea offer extended by the United States and proceeding to trial" suggests that Simpson "would have accepted the offer to plead pursuant to the earlier proposed terms." *Allen*, 854 F.3d at 432. As to the second requirement, the Court cannot at this time determine whether it "would have prevented the offer from being accepted," *Allen*, 854 F.3d at 432, without knowing the terms of the offer.[3] Finally, because Simpson was sentenced to life in prison, Filing 311 (Judgment), which was the statutory minimum under 18 U.S.C. § 1201(a) for kidnapping resulting in a death, "the plea terms would have [likely] been less severe than under the judgment and sentence that were actually imposed." *Allen*, 854 F.3d at 432. Absent any facts to corroborate or contradict these allegations, it does not "plainly appear" on initial review that they are meritless. Accordingly, the Court orders the Government to respond to the first three allegations included in Ground One of Simpson's § 2255 Motion given their interwoven nature.

### C. Simpson's Second Ground for Relief

Simpson's second ground for relief based on ineffective assistance of counsel states, "Movant was denied his Sixth Circuit [sic] right[4] to the effective assistance of counsel during the critical trial phase of his criminal proceeding." Filing 356 at 5. Simpson's specific allegations of in-trial ineffective assistance of counsel are as follows:

> 1) Counsel failed to conduct a meaningful investigation relating to the allegations set forth in the Indictment. Including investigation [of] various pieces of evidence and information provided to him by Movant;
> 2) Counsel failed to discuss defense strategies with the Movant;

---

[3] In his supporting memorandum received by the Court over a month past the filing deadline, Simpson avers that "the plea offer would [have] require[d] a custodial term of imprisonment not less than thirty-years." Filing 359 at 2. Simpson does not explain how the plea agreement would have eliminated the statutory minimum sentence of life in prison. In its response, the United States may provide evidence regarding any potential plea offer made to Simpson.

[4] The Court understands Simpson to be referring to his Sixth Amendment right.

3) Counsel failed to object to members of the Jury accessing and using their cell phone during the pendency of Movant's trial.

Filing 356 at 5.

Regarding the first allegation of ineffective assistance during trial, it does not plainly appear that Simpson is not entitled to relief. Simpson submits that further investigation, "includ[ing] timely reaching out and obtaining video from neighbors and businesses," could have "establish[ed] that Simpson did not play a role in the offense." Filing 359 at 12–13. "Without a complete record, [the Court] cannot determine whether [Simpson] was prejudiced by counsels' alleged failure to investigate." *Sinisterra v. United States*, 600 F.3d 900, 908 (8th Cir. 2010). The Court will therefore order the Government to respond to this allegation. The Court will also require the Government to respond to Simpson's allegation that his counsel failed to discuss defense strategies with him given that this allegation is inherently interwoven with his allegation that his counsel failed to conduct a meaningful investigation. *See Strickland*, 446 U.S. at 688 (noting the duties counsel owes a criminal defendant, including "the overarching duty to advocate the defendant's cause and the more particular duties to consult with the defendant on important decisions and to keep the defendant informed of important developments in the course of the prosecution"); *Link v. Luebbers*, 469 F.3d 1197, 1204 (8th Cir. 2006) ("Ordinarily, we consider strategic decisions to be virtually unchallengeable unless they are based on deficient investigation, in which case the presumption of sound trial strategy . . . founders on the rocks of ignorance" (internal quotations and citation omitted)).

However, the Court will not require the Government to respond to Simpson's claim that his counsel was ineffective for failing "to object to members of the Jury accessing and using their cell phone [sic] during the pendency of [his] trial" because it plainly appears that Simpson is entitled to no relief on this basis. Filing 356 at 5. Simpson does not allege that any juror used his

or her cell phone for a prohibited purpose in contravention of the Court's instructions, like the Court's prohibition on outside research and investigation. Indeed, he expressly admits that "it is not known if the juror used their cell phone to read information about the case or to conduct their own research about the case[.]" Filing 359 at 14. Simpson only posits that, "it is certainly possible" this juror used his or her cell phone for a prohibited purpose. Filing 359 at 14. Assuming solely for the sake of argument that counsel rendered deficient performance in failing to request a mistrial as Simpson claims he should have, Filing 359 at 14, it plainly appears that Simpson has not demonstrated prejudice. His claim that it "is certainly possible" a juror may have used a cell phone for a particular purpose is further belied by the fact that the Court specifically instructed the jury to abstain from outside research and investigation, Filing 303 at 4–5, and "[a] jury is presumed to follow its instructions." *United States v. Thomas*, 877 F.3d 1077, 1079 (8th Cir. 2017). Because it plainly appears that Simpson is unable to demonstrate a reasonable probability that the result of the proceeding would have been different had an objection or motion been lodged, *see Paulson, 773 F.3d at 904*, the Government need not respond to this allegation of in-trial ineffective assistance of counsel.

### D. Simpson's Third Ground for Relief

In his Third Ground, Simpson argues that he is entitled to post-conviction relief for allegedly unconstitutional surveillance while he was in pretrial detention. He claims that he "was denied his Sixth, Fifth, and Fourth Amended rights when law enforcement knowingly listened to and/or watched numerous privileged interactions between he and counsel. During these interactions Movant and his counsel discussed, among other things – trial strategy and mitigation evidence." Filing 356 at 7. However, Simpson did not raise this issue on direct review. *See generally United States v. Simpson*, 44 F.4th 1093, 1095 (8th Cir. 2022), *reh'g denied*, No. 21-

2463, 2022 WL 4295416 (8th Cir. Sept. 19, 2022), and *cert. denied*, 143 S. Ct. 813, 215 L. Ed. 2d 67 (2023). "'Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent.'" *Lindsey v. United States*, 615 F.3d 998, 1000 (8th Cir. 2010) (quoting *Bousley v. United States*, 523 U.S. 614 (1998)). Simpson cannot establish cause or prejudice; nor does his underlying claim of error bear on whether he is actually innocent.

First, Simpson cannot show "cause" because—according to his own submissions—he supposedly had evidentiary support for this claim before his default. *Dansby v. Payne*, 47 F.4th 647, 659 (8th Cir. 2022), *cert. denied*, 143 S. Ct. 2618 (2023). According to Simpson, he told his counsel prior to trial that their visit in the jail had been recorded, but his counsel chose not to pursue the matter. Filing 359 at 15, 21.[5] The purported factual predicate for this claim was known to Simpson at the time of trial which means there is no cause to allow him to raise the issue now when he could have done so on direct appeal.

Second, even if there was cause, there still is no showing of prejudice (*i.e.*, a reasonable probability that the result of the proceeding would have been different). *Dansby*, 47 F.4th at 660. Simpson does not allege that any privileged information was used against him at trial. Filing 356 at 7. Rather, he alleges that "[i]t is entirely possible that law enforcement watched the video [of the meeting within jail between Simpson and his counsel] and used the information learned from it as an investigative aide [sic]." Filing 359 at 15. Simpson goes on to state:

> Let's say for the sake of argument that there was no audio associated with the video; the fact that law enforcement still recorded and was able to later see and observe Simpson's body language, as well as potentially ready [sic] his lips, still has Constitutional implications.

---

[5] In his Supporting Memorandum, Simpson says, "[A]t Simpson's urging [defense counsel] brought law enforcement actions to the attention of the Court. However, with all due respect to the Court's ruling, the fact that the Assistant United States Attorney did not watch the video – does not serve to excuse law enforcement actions." Filing 359 at 15.

. . .

> It is entirely possible that law enforcement watched the video and used the information learned from it as an investigative aide [sic]. This could have easily been done without the Assistant United States Attorney's knowledge.

Filing 359 at 15.

This argument, premised on little more than speculation, is insufficient to show a reasonable probability that the result of the proceeding would have been different. *See Woods v. United States, 567 F.2d 861, 863 (8th Cir. 1978)* (affirming the denial without a hearing of a § 2255 claim based on speculation). As the Eighth Circuit observed when considering the legal sufficiency of Simpson's conviction on appeal:

> The government's evidence was sufficient to support a finding of guilt beyond a reasonable doubt. Simpson gave shifting stories to investigators about the events of November 4, 2018. He eventually admitted that he was in [the murder victim] Ms. Hunhoff's car with her and [codefendant] James, although he claimed that Ms. Hunhoff dropped him off at home without incident. According to Simpson's jail bunkmate, Simpson later admitted that he and James kidnapped, raped, and murdered a woman whom they "choked and stabbed." Consistent with these admissions, Ms. Hunhoff's autopsy showed bruising to her torso, limbs, and genitals, and found that her death was caused by strangulation and a stab wound. That Ms. Hunhoff did not answer several telephone calls from her mother while traveling between Yankton and Norfolk tended further to show that a kidnapping was in progress throughout the drive, and that Simpson was not an innocent passenger taking a ride home.

*Simpson*, 44 F. 4th at 1100. Even now Simpson acknowledges that he "had a substantial amount of circumstantial evidence against him, and no meaningful defense." Filing 359 at 10. For these reasons, he has failed to demonstrate prejudice.

Third, and assuming solely for the sake of argument that "law enforcement knowingly listened to and/or watched privileged interactions" between Simpson and his defense counsel, Simpson has not explained how this violation would further a claim of actual innocence. *See Jimerson v. Payne*, 957 F.3d 916, 929 (8th Cir. 2020) ("'Actual innocence' means factual

9

innocence, nor mere legal insufficiency.'") (quoting *Bousley*, 523 F.3d at 929). The allegations he makes in this claim are not "supported by 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Jimerson*, 957 F.3d at 929 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). Accordingly, the Court cannot excuse Simpson's procedural default and this matter is not properly before the Court in a habeas petition. *Lindsey*, 615 F.3d at 1000.

### E.  The Claim of Ineffective Assistance of Counsel Related to his Third Ground

While Simpson procedurally defaulted his Third Ground for relief, he also alleged that his counsel was ineffective when he "failed to object to the United States listening to various privileged communications and watching at least one closed circuit video between he and the Movant." Filing 356 at 4 (fourth allegation contained in Ground One).[6]  Although both of these allegations rely on the same underlying facts, they require discrete analysis because claims of ineffective assistance of counsel ordinarily are not considered on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) ("[I]n most cases a motion brought under § 2255 is preferrable to direct appeal for deciding claims of ineffective assistance"). Therefore, while the Court concludes that Simpson procedurally defaulted any constitutional claim based on the alleged misconduct by law enforcement, his related ineffective assistance of counsel claim cannot be resolved in the same fashion. Nevertheless, and for the reasons explained below, it plainly appears that Simpson is not entitled to relief on the claim that he received ineffective assistance of counsel based on the failure of counsel to object to the alleged intrusion upon privileged, attorney-client communications.

---

[6] As previously noted, Simpson raised this as part of his First Ground for relief. The Court addresses it here because of its relation to his Third Ground for relief.

As previously noted, the Court recognizes there is a distinction between an underlying constitutional issue that has been procedurally defaulted and a claim of ineffective assistance of counsel that, although premised upon the same basic set of circumstances, has not been procedurally defaulted due to the inherent mechanism by which ineffective assistance claims are ordinarily brought. To the extent Simpson raises this matter as an ineffective assistance of counsel claim, the alleged constitutional error is his counsel's failure to object.

As with his other claims of ineffective assistance of counsel, the *Strickland* standard governs. *See e.g.*, *Close v. United States*, 679 F.3d 714, 720 (8th Cir. 2012) (analyzing a claim that trial defense counsel was ineffective for failing to object under *Strickland*). This claim fails under both prongs of the analysis. With respect to the first prong, Simpson's counsel did not render deficient performance in failing to object to evidence that was never introduced in the first place. According to Simpson's own submission, the Assistant United States Attorney did not even watch the video. *See* Filing 359 at 15. However, assuming for the sake of argument that there was some basis upon which the Court could conclude Simpson's counsel rendered deficient performance— and for many of the same reasons the Court previously explained—it plainly appears that Simpson has failed to demonstrate prejudice sufficient to show a reasonable probability that the result of the proceeding would have been different if Simpson's counsel had raised an objection. *Paulson*, 773 F.3d at 901. Again, there is nothing in the record to indicate that anything derived from such privileged communications was introduced against Simpson. This claim of ineffective assistance of counsel is without merit and is properly denied at this stage.

### III.    CONCLUSION

For the reasons explained above, some of Simpson's claims plainly appear to be without merit. Others necessitate a response from the Government. Accordingly,

IT IS ORDERED:

1. The Government shall respond to the following allegations of ineffective assistance of counsel that have been raised by Simpson in his § 2255 Motion:

    a. With respect to Ground One:

        i. Whether Simpson's defense counsel failed to explain the elements the Government was required to prove in order to obtain a guilty verdict at trial;

        ii. Whether Simpson's defense counsel failed to fully explain the consequences of rejecting the plea offer extended by the Government and proceeding to trial; and

        iii. Whether Simpson's defense counsel failed to fully explain the weight of the evidence.

    b. With respect to Ground Two

        i. Whether Simpson's defense counsel failed to conduct a meaningful investigation relating to the allegations set forth in the Indictment; and

        ii. Whether Simpson's defense counsel failed to discuss defense strategies with Simpson.

2. The remaining claims raised by Simpson in his § 2255 Motion plainly appear to be without merit and the Government need not respond to them;

3. The Government shall submit its response within twenty-one (21) days of this Order.

Dated this 7th day of August, 2024.

BY THE COURT:

Brian C. Buescher
United States District Judge