IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>    vs.<br><br>RAMON SIMPSON,<br><br>              Defendant. | **8:18–CR–333**<br><br>**MEMORANDUM AND ORDER ON MOTION TO VACATE UNDER** 28 U.S.C. § 2255 |

## I.    INTRODUCTION

This matter is before the Court on defendant Ramon Simpson's *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Filing 356. On June 30, 2021, the Court sentenced Simpson to a term of life imprisonment following his convictions for kidnapping resulting in death and conspiracy to commit kidnapping. Filing 311. The United States Court of Appeals for the Eighth Circuit affirmed the Judgment in this case on August 15, 2022, Filing 350, and the United States Supreme Court denied Simpson's petition for a writ of certiorari on February 21, 2023. Filing 354-1. This Court then received Simpson's 28 U.S.C § 2255 Motion on February 13, 2024. Filing 356 at 1. Thus, his Motion was timely filed. *See* 28 U.S.C. § 2255(f)(1). However, Simpson did not file a memorandum in support of his Motion until nearly a month after expiration of the deadline that the Court gave him to do so. Filing 359 (memorandum dated May 3, 2024) The Court issued an Order dismissing several of Simpson's claims on initial review and ordered the Government to respond to the few claims that survived initial review. Filing 360. The only remaining allegations in Simpson's Motion relate to ineffective assistance of counsel, both pretrial and during trial. *See* Filing 360. The Government filed a Response addressing these allegations, Filing 370, and an accompanying evidentiary index, Filing 372, on October 21, 2024.

The Court denies Simpson's Motion on two alternative bases. First, because Simpson's supporting memorandum was not timely filed, the Court declines to consider it, which renders his Motion conclusory and unsupported. Second, even if the Court were to consider Simpson's supporting memorandum, his allegations are plainly contradicted by the Government's submitted evidence. Thus, for the reasons stated below, Simpson's Motion to Vacate is denied.

## II.    ANALYSIS

### A. Simpson's Motion Is Unsupported by Timely Submissions

On February 13, 2024, Simpson filed a Motion under 28 U.S.C § 2255 without any supporting brief. Simpson also filed a Motion requesting an additional 45 days to file a supporting memorandum. Filing 357. On February 20, 2024, the Court granted Simpson's Motion for a 45-day extension of time in a written Order. Filing 358. Simpson had until April 5, 2024, to mail his supporting memorandum under the "prison-mailbox rule." *See Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999) (holding "that the prison mailbox rule applies to pro se § 2255 motions").

The Clerk of Court received Simpson's supporting memorandum along with a Declaration by Simpson on May 7, 2024, over a month past the extended deadline, which indicates that the defendant mailed this document after the deadline had passed. Filing 359 (memorandum dated May 3, 2024). This supporting memorandum develops the factual allegations contained in the Motion and adds legal arguments. *See generally* Filing 359. The Court does not need to consider Simpson's supporting memorandum because it was filed late, beyond the time the Court gave leave for the memorandum to be filed. 18 U.S.C § 2255(f) (providing a "1-year period of limitation" for 28 U.S.C § 2255 motions); *see also Odie v. United States*, 42 F.4th 940, 944 (8th Cir. 2022) (noting that the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) "imposed, among other

things, a one-year statute of limitations on motions by prisoners under section 2255 seeking to modify, vacate, or correct their federal sentences" (citation omitted)). A litigant's pro se status alone does not constitute good cause for failure to comply with rules of procedural or substantive law or orders of the Court. *United States v. Green*, 691 F.3d 960, 966 (8th Cir. 2012); *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005).

Without considering the untimely supporting memorandum, Simpson's Motion "merely stat[es] unsupported conclusions." *United States v. Degand*, 614 F.2d 176, 178 (8th Cir. 1980) (stating that "a petitioner must allege facts which, if true, would entitle him to relief; merely stating unsupported conclusions will not suffice" (internal quotations and citation omitted)). The Court denies Simpson's 28 U.S.C. § 2255 Motion because Simpson failed to file a supportive memorandum within the timeframe required by the AEDPA, this Court's local rules, and the deadline imposed by this Court upon the request for extension filed by Simpson. Although Simpson's 28 U.S.C. § 2255 Motion fails on this basis alone, the Court will also address the merits of Simpson's Motion, as if his supporting memorandum was timely, for the sake of completeness and to prevent the need for further review by the Court.

### B. Alternatively, Simpson's Motion Fails on the Merits

#### 1. *Applicable Standards*

Simpson brings his Motion pursuant to 28 U.S.C. § 2255, which permits federal prisoners to ask the sentencing court to "vacate, set aside, or correct" a sentence upon a showing that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). "Section 2255 is an outgrowth of the historic habeas corpus powers of the federal courts as applied

to the special case of federal prisoners." *Jones v. Hendrix*, 143 S. Ct. 1857, 1865 (2023); *see also Odie v. United States*, 42 F.4th 940, 944 (8th Cir. 2022) ("Section 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." (internal quotation marks omitted) (quoting *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011))). Relief under 28 U.S.C § § 2255 is limited, as it "does not encompass all claimed errors in conviction and sentencing." *Meirovitz v. United States*, 688 F.3d 369, 370 (8th Cir. 2012) (quoting *Sun Bear*, 644 F.3d at 704).

Under the Supreme Court's test for ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 668, 686 (1984), courts consider "'whether counsel's performance was deficient,' and if so, whether prejudice resulted." *United States v. Harris*, 83 F.4th 1093, 1097 (8th Cir. 2023) (citing *O'Neil v. United States*, 966 F.3d 764, 770 (8th Cir. 2020); *Strickland*, 466 U.S. at 686). "Failure to establish either *Strickland* prong is fatal to an ineffective-assistance claim." *Worthington v. Roper*, 631 F.3d 487, 498 (8th Cir. 2011). Under the first prong (deficiency), there exists "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Camacho v. Kelley*, 888 F.3d 389, 394 (8th Cir. 2018) (quoting *Strickland*, 466 U.S. at 687). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id.* (citations omitted). Under the second prong (prejudice), petitioners must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Paulson v. Newton Corr. Facility, Warden*, 773 F.3d 901, 904 (8th Cir. 2014) (internal quotation marks and citation omitted). In cases where a defendant alleges that deficient representation caused him to plead guilty, the Supreme Court has explained that the defendant must establish a "reasonable probability that he would not have entered his plea but for his counsel's deficiency[.]" *Premo v.*

4

*Moore*, 562 U.S. 115, 130 (2011) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). A court cannot accept a petitioner's allegations as true if "they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Walker v. United States*, 810 F.3d 568, 580 (8th Cir. 2016).

   2.   *Allegations of Pretrial Ineffective Assistance*

Simpson's first ground for relief states, "Movant was denied his Sixth Amendment right to the effective assistance of counsel during the critical pre-trial/plea phase of his criminal proceeding." Filing 356 at 4. The specific allegations of pre-trial ineffective assistance of counsel are as follows:

> 1) Counsel failed to explain the elements the United States was required to prove in order to obtain a guilty verdict at trial;
> 2) Counsel failed to fully explain the consequences of rejecting the plea offer extended by the United States and proceeding to trial; [and]
> 3) Counsel failed to fully explain the weight of the evidence[.]

Filing 356 at 4.

The Sixth Amendment right to effective assistance of counsel "extends to the plea-bargaining process such that '[i]f a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it.'" *Allen v. United States*, 854 F.3d 428, 432 (8th Cir. 2017) (quoting *Lafler v. Cooper*, 566 U.S. 156, 168 (2012)). "In the plea-bargaining context, this means a claimant must demonstrate a substantial likelihood that (1) he would have accepted the offer to plead pursuant to the earlier proposed terms, (2) neither the prosecution nor the trial court would have prevented the offer from being accepted, and (3) the plea terms would have been less severe than under the judgment and sentence that were actually imposed." *Allen*, 854 F.3d at 432 (quoting *Lafler*, 566 U.S. at 164; *Missouri v. Frye*, 566 U.S. 134, 148 (2012)).

The affidavit submitted by Simpson's former counsel contains a copy of the plea agreement offered by the government. Filing 372-1 at 26–33. The Government offered Simpson an agreement pursuant to Rule 11(c)(1)(C) which would have guaranteed a 15-year term of incarceration if the Court decided to accept the agreement. Filing 372-1 at 26–33. The evidence submitted by the Government demonstrates that Simpson knew about the plea agreement and was advised about the consequences of rejecting it—namely, that he faced an uphill battle at trial and a mandatory minimum life-sentence if convicted. Simpson's former attorney stated in a sworn affidavit that he discussed each term of the offered plea agreement with Simpson on June 4, 2020. Filing 372-1 at 8; Filing 372-2. This statement is corroborated by an audio recording of the defendant speaking to his mother from jail about the plea agreement offered by the Government and his former counsel's advice that the defendant accept the deal. Filing 372-1 at 11. Specifically, on June 16, 2020, an audio recording of a phone call Simpson made in jail reflects that Simpson accurately recounted the terms of the plea agreement to his mother, who subsequently advised Simpson to reject the proposed agreement and proceed to trial. Filing 372-1 at 12; Filing 372 at 1 (Exhibit Nos. 15 and 16). This evidence belies Simpson's claims that his former counsel did not explain the elements of the charged offenses, terms of the proposed plea agreement, and weight of the case against him. Filing 356 at 4. In other words, the evidence demonstrates that Simpson's former counsel's performance was not "deficient" in the pretrial stage. *Harris*, 83 F.4th at 1097.[1] Thus, these allegations are "contradicted by the record" and "inherently incredible" in light of the Government's submitted evidence. *Walker*, 810 F.3d at 580. Accordingly, Simpson's 28 U.S.C § 2255 Motion is dismissed to the extent it alleged pretrial ineffective assistance of counsel.

---

[1] Simpson, who is currently serving an incarceration term of life, was of course prejudiced by his decision to not enter into the proposed plea agreement. However, the Government's evidence clearly demonstrates that Simpson's decision to proceed to trial was against his former counsel's express advice, which was in no manner "deficient."

    *3.      Allegations of Ineffective Assistance During Trial*

Simpson's final ground for relief states, "Movant was denied his Sixth Circuit [sic] right[2] to the effective assistance of counsel during the critical trial phase of his criminal proceeding." Filing 356 at 5. Simpson's specific allegations of in-trial ineffective assistance of counsel are as follows:

> 1) Counsel failed to conduct a meaningful investigation relating to the allegations set forth in the Indictment. Including investigation [of] various pieces of evidence and information provided to him by Movant; [and]
> 2) Counsel failed to discuss defense strategies with the Movant[.]

Filing 356 at 5. Simpson argues that further investigation, "includ[ing] timely reaching out and obtaining video from neighbors and businesses," could have "establish[ed] that Simpson did not play a role in the offense." Filing 359 at 12–13.

Like his claims of pretrial ineffective assistance, these claims are also incredible. The government's evidence indicates that Simpson's former counsel fully investigated the case and included Simpson in discussion about defense strategies. Simpson's former counsel subpoenaed several witnesses on Simpson's behalf before ultimately concluding that "none of them had material information favorable to Simpson, and so ultimately none of them testified." Filing 372-1 at 19. This belies Simpson's claim that his former counsel failed to investigate potential witnesses. Deciding against calling these witnesses to the stand was a "strategic choice[ ] made after thorough investigation of law and facts" and therefore is "virtually unchallengeable." *Camacho*, 888 F.3d at 394. There is "nothing in the record to suggest" that Simpson's former counsel's strategy fell "outside the wide range of reasonable trial strategy afforded to counsel." *Holder v. United States*, 721 F.3d 979, 991 (8th Cir. 2013). In other words, nothing suggests that

---

[2] The Court understands Simpson to be referring to his Sixth Amendment right.

Simpson's former counsel's performance was "deficient" with regard to locating and contacting witnesses. *Harris*, 83 F.4th at 1097. In addition, there is no evidence that any witnesses could have provided testimony that could have "establish[ed] that Simpson did not play a role in the offense," Filing 359 at 12–13, meaning Simpson also was not prejudiced by his counsel's performance. *Paulson*, 773 F.3d at 901.

The same is true regarding allegedly exculpatory "video" evidence. Simpson's former counsel explains that the Government had already attempted to obtain surveillance video evidence "to no avail." Filing 372-1. Declining to dedicate resources to retracing the Government's steps was "a reasonable decision that ma[de] particular investigations unnecessary" into acquiring surveillance footage. *Whitmore v. Lockhart*, 8 F.3d 614, 618–19 (8th Cir. 1993) (quoting *Strickland*, 466 U.S. at 691). Thus, counsel's performance was not "deficient." In addition, Simpson's former counsel and the Government contend that even had such evidence been located, it would have been fruitless: the evidence "only would have confirmed an undisputed fact at trial – that Simpson was at his home in Norfolk, Nebraska, around 11:00 p.m. on November 4, 2018." Filing 370 at 11. Thus, Simpson has failed to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Paulson*, 773 F.3d at 901. Accordingly, regarding both the allegedly exculpatory witness and video evidence, Simpson's former counsel's performance was not deficient, and Simpson suffered no prejudice.

Finally, Simpson's claim that he was not included in strategic discussions also fails. As the Court noted in its previous order, "this allegation is inherently interwoven with his allegation that his counsel failed to conduct a meaningful investigation," Filing 360 at 6, because "strategic choices made after thorough investigation of law and facts" are "virtually unchallengeable."

*Camacho*, 888 F.3d at 394. Even so, the Government's evidence flatly contradicts this allegation. *See Walker*, 810 F.3d at 580 (providing that the Court does not need to accept a petitioner's allegations that are "contradicted by the record"). Simpson's former counsel submitted notes exchanged between counsel and Simpson during trial discussing trial strategy. Filing 372-7. Thus, Simpson's allegation that his former counsel did not "consult with the defendant on important decisions and [ ] keep the defendant informed of important developments in the course of the prosecution," *Strickland*, 466 U.S. at 688, is "inherently incredible." *Walker*, 810 F.3d at 580. Simpson's former counsel's performance fell "within the wide range of reasonable professional assistance." *Camacho*, 888 F.3d at 394. In addition, neither Simpson nor the record anywhere indicates that Simpson would have made any strategic decision differently than his former counsel did. Therefore, this allegation also fails for lack of prejudice, as there is no suggestion that the former counsel's performance "had [any] conceivable effect on the outcome of the proceeding." *Strickland,* 466 U.S. at 693. Because Simpson's allegations of ineffective assistance during trial are "contradicted by the record" and "inherently incredible," *Walker*, 810 F.3d at 580, Simpson's 28 U.S.C § 2255 Motion is denied.

## C.  Certificate of Appealability

No appeal may be taken on a § 2255 motion unless a judge issues a certificate of appealability, which requires the appellant to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)–(2). To make "a substantial showing of the denial of a constitutional right" after the district court denies a constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a petition is denied on procedural grounds, a petitioner is entitled to a certificate of appealability

if the petitioner "shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Reasonable jurists would not find the Court's decision debatable. The evidence strongly contradicts Simpson's claims of ineffective assistance of counsel. Simpson also filed his brief late. Therefore, the Court will not issue a certificate of appealability.

### III.    CONCLUSION

For the reasons stated above, Simpson's Motion to Vacate under 18 U.S.C § 2255 fails. Simpson's allegations of ineffective assistance of counsel during the pretrial and trial stages are inherently incredible and contradicted by the record. Accordingly,

IT IS ORDERED:

1.  Defendant Ramon Simpson's pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, Filing 356, is denied; and

2.  The Court will not issue a certificate of appealability.

Dated this 12th day of December, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge