IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:18–CR–333 |
| vs. | ORDER DENYING MOTION FOR RECONSIDERATION |
| RAMON SIMPSON, | |
| Defendant. | |

This matter is before the Court on defendant Ramon Simpson's *pro se* Motion to Reconsider. Filing 375 On December 12, 2024, the Court denied the defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Filing 374. The defendant identifies three bases that he asserts should be reconsidered: the Court's dismissal of his supporting memorandum as untimely; the Court's reliance on the supporting evidence submitted by the Government and the defendant's former counsel; and the Court's denial of a certificate of appealability. Filing 374 at 1–2. For the reasons stated below, the defendant's Motion is denied.

Although the Eighth Circuit has not yet decided "whether to import the civil motion for reconsideration standard into the criminal context," *United States v. Luger*, 837 F.3d 870, 876 (8th Cir. 2016), the Court will nevertheless consider the merits of the defendant's Motion. Motions for reconsideration "serve the limited function of correcting manifest errors of law or fact or . . . present[ing] newly discovered evidence.'" *Id.* (quoting *Bradley Timberland Res. v. Bradley Lumber Co.*, 712 F.3d 401, 407 (8th Cir. 2013)). Moreover, "a district court's denial of a motion for reconsideration" is reviewed for an "abuse of discretion." *United States v. King*, 854 F.3d 433, 443 (8th Cir. 2017).

1

The defendant's Motion to Reconsider must be denied because the defendant fails to identify any "manifest errors of law" and does not "present newly discovered evidence." The defendant's argument about his untimely supporting memorandum is unavailing for two reasons. First, the defendant's submission deadline for this memorandum—which the Court extended upon the defendant's Motion for 45 days, Filing 358—was April 5, 2024, and the memorandum is dated May 3, 2024. See Filing 359 at 18. The Court did not err by deeming the defendant's submission untimely when the defendant himself marked it as untimely. Second, even if the defendant is correct that this was an error, the challenged Order expressly stated that "even if the Court were to consider Simpson's supporting memorandum, his allegations are plainly contradicted by the Government's submitted evidence." Filing 374 at 2.

The defendant's argument that the Court improperly weighing the Government's submitted evidence in this case also fails. The defendant focuses on his allegation—rejected by the Court in the challenged Order—that his former counsel "failed to explain the consequences of rejecting the plea offer." Filing 375 at 6. The defendant avers, "It is objectively unreasonable to suggest that a defendant would knowingly reject a 15-year plea offer in favor of risking life imprisonment without a full understanding of the consequences." Filing 375 at 6. Yet this is precisely what happened. The Government submitted an audio recording of a phone call the defendant made in jail in which he accurately recounted the terms of the plea agreement to his mother, who subsequently advised the defendant to reject the proposed agreement and proceed to trial. Filing 372-1 at 12; Filing 372 at 1 (Exhibit Nos. 15 and 16). The defendant's allegation that he was not advised of the plea agreement is plainly "contradicted by the record" and thus "inherently incredible." *Walker v. United States*, 810 F.3d 568, 580 (8th Cir. 2016).

Finally, the defendant argues that the Court should have granted him a certificate of appealability because his "claims raise substantial constitutional issues that are debatable among reasonable jurists." Filing 375 at 8. The defendant is wrong. His factual allegations are incredible and contradicted by the evidence in this case. As such, his allegations do not raise any substantial constitutional violations that would justify issuing a certificate of appealability. Thus, the defendant has failed to identify any grounds for reconsideration. Accordingly,

IT IS ORDERED that the defendant's Motion to Reconsider, Filing 375, is denied.

Dated this 13th day of January, 2025.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge